JOURNAL ENTRY and OPINION
{¶ 1} A jury found appellant, Hector Delgado ("Delgado"), guilty of tampering with records and unauthorized use of computer or telecommunications property, and the trial court sentenced Delgado to three years of community control sanctions. Delgado appeals, asserting three assignments of error. For the following reasons, we affirm Delgado's conviction.
 1. I. {¶ 2} Delgado's third assignment of error will be addressed first; that is, that his conviction is against the manifest weight of the evidence. However, upon review of the record, Delgado's third assignment of error lacks merit.
 {¶ 3} The state presented testimony from a chief deputy clerk that she discovered a missing protection order in the record management system of the municipal court where she was employed in April 2003. According to the clerk, the hard copy file showed that a protection order had been issued and that she had entered the protection order into the computer. In particular, the clerk was requested by judge's order to terminate the specific protection order issued against Jose Quinones ("Quinones") and the protected persons showed Delgado and his daughter. When the clerk went to terminate the protection order, she was unable to locate it in the computer and alerted the information systems support staff to the problem.
 {¶ 4} A member of the information systems support staff testified that he was able to track down the exact date and time of the deleted protection order, as well as the specific computer used and the user name of the person logged onto the computer. According to the staff member, approximately 2,800 protection orders were deleted from the system on March 24, 2003 at 1:30 p.m. at the Fourth District computer under the user name given to Delgado through his employment as an institutional guard with the Cleveland police department. The numerous protection orders that were deleted spanned from those issued prior to and on November 5, 2002. Fortunately, the protection orders were located on the find log, copied, and recovered onto the computer system by the staff member.
 {¶ 5} The state presented the testimony of a misdemeanor investigator in the city prosecutor's office who testified that on November 4, 2002, she met with Delgado, Quinones, and Paula Yambo ("Yambo"), in connection with an assault that occurred the night before between Delgado and Quinones. According to the misdemeanor investigator, she took statements from Delgado and Quinones and presented them to the assistant prosecutor who later issued criminal charges of assault on Quinones. In addition, a protection order against Quinones was to be issued to protect Delgado and his daughter, but was not technically issued until November 15, 2002. As testified by the misdemeanor investigator, it is the usual practice to issue a protection order the day after criminal charges are issued. The only explanation given for the delay between the date the criminal charges were issued (November 4, 2002) and the date the protection order was issued (November 15, 2002) was that perhaps the complaint was held to gather more information about the alleged assault.
 {¶ 6} Yambo also testified that she went with her fiancee, Quinones, to file a criminal complaint against Delgado on November 4, 2002 and to seek a protection order against Delgado. She believed that a protection order was in fact issued against Delgado and in protection of herself and Quinones. Yambo also related this belief to Delgado in March 2003 when he appeared with his daughter (also Yambo's daughter) at the agreed drop-off location. According to Yambo, from November through March, Delgado's fiancee had dropped off their daughter for visitation. When Delgado appeared in March at the drop-off, Yambo, Quinones, and Delgado had an argument and Yambo told Delgado that he had no business being there because Yambo and Quinones had a protection order against him. Yambo later learned that the only protection order that was issued was against Quinones and in protection of Delgado and his daughter.
 {¶ 7} The state also presented employees of the Cleveland police department who testified that all institutional guards are required to log off of their computer when they leave their computer terminal so that no one can go into the computer system under the previous user's name. In addition, there was testimony that there is nothing in the institutional guards' job descriptions that permit them to purge, delete, look at, or even go into a protection order that is on the computer system. Instead, Delgado's primary job duty as an institutional guard was to book prisoners. There would have been no conceivable reason for Delgado to look at a protection order.
 {¶ 8} When reviewing an argument that one's conviction is against the manifest weight of the evidence, the appellate court sits as a "thirteenth juror" and after reviewing the entire record, "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541;State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717
("The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.")
 {¶ 9} Here, it cannot be said that the jury clearly lost its way in finding Delgado guilty of tampering with records and unauthorized use of computer or telecommunications. Although the defense argues that the state failed to present any eyewitnesses that saw Delgado log onto the computer and delete over 2,800 protection orders, the timing of Delgado's purge after an argument with Yambo and Quinones in March 2003 where he was told there was a protection order against him and the specific purge of all protection orders prior to and on November 5, 2002 demonstrates a reason for Delgado going into the computer system and running the purge program to delete any protection order against him. Also, despite the defense's argument that someone else went onto the computer terminal under Delgado's name to purge the protection order, there is no evidence that, in fact, occurred, especially in light of the testimony presented by the state as to when the purge program ran (March 2003) and the time period that the purge program covered (prior to and on November 5, 2002). Because the evidence weighs heavily in favor of Delgado's conviction, we overrule his third assignment of error.
 II. {¶ 10} Delgado argues, in his first assignment of error, that he was denied due process when the state introduced unfairly prejudicial evidence that he was knowledgeable and good with computers. In addition, Delgado argues, in his second assignment of error, that he was denied the effective assistance of counsel when his counsel failed to object to the evidence. Both arguments lack merit.
 {¶ 11} It is well-settled that the trial court has broad discretion in determining the admissibility of evidence. Statev. Shepard, Cuyahoga App. 81926, 2003-Ohio-3356, citing Statev. Sage (1987), 31 Ohio St.3d 173, 510 N.E.2d 343, paragraph two of the syllabus. Therefore, the trial court's ruling will not be disturbed absent an abuse of discretion. "The term `abuse of discretion' connotes more than error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable." Shepard, quoting Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying this standard of review, an appellate court must not substitute its judgment for that of the trial court. State v.Reiner, 93 Ohio St.3d 601, 2001-Ohio-1800, 757 N.E.2d 1143, citing Berk v. Matthews (1990), 53 Ohio St.3d 161,559 N.E.2d 1301. Rather, reversal on appeal is warranted only when the trial court has exercised its discretion unreasonably, arbitrarily or unconscionably. On review, this court considers whether the trial court abused its discretion and whether the complaining party has suffered material prejudice as a result. State v. Long (1978),53 Ohio St.2d 91, 98, 372 N.E.2d 804.
 {¶ 12} Evid.R. 403(A) provides that relevant evidence "is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice * * *." Delgado's knowledge of the computer system is relevant because it demonstrates his computer skills. Although the defense argues that this testimony unfairly prejudiced Delgado as the jury was led to believe that such knowledge equated with an ability to run a purge program to delete protection orders, it cannot be said that the trial court abused its discretion in allowing the testimony into evidence. Moreover, part of Delgado's job description entailed booking prisoners through the use of the computer system, which he implicitly knew how to use to perform his job. Because the trial court did not abuse its discretion in allowing in the testimony as to Delgado's knowledge of computers, his first assignment of error is overruled.
 {¶ 13} Likewise, Delgado's second assignment of error is also overruled, as he cannot, based on this court's analysis of his first assignment of error, prevail on a claim for ineffective assistance of counsel under the two-prong test of Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052,80 L.Ed.2d 674. Delgado cannot meet the first part of the two-prongStrickland test, that counsel's performance was deficient; thus, his argument must fail.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, J., and McMonagle, J., concur.